UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ACADEMY HILL, INC., MERRICK
WILSON, and RIVER VALLEY HEIGHTS
CORPORATION,

    Plaintiffs,

v.

CITY OF LAMBERTVILLE, DAVID
DELVECCHIO, JOSEPH JINGOLI & SONS,
INC., JOSEPH JINGOLI, JR., and MICHAEL
JINGOLI,

    Defendants.

Civil Action No. 19-426 (BRM) (ZNQ)

**MEMORANDUM OPINION**

This matter comes before the Court upon Plaintiffs Academy Hill, Inc. ("Academy Hill"), Merrick Wilson ("Wilson"), and River Valley Heights Corporation's (collectively, "Plaintiffs") Amended Motion to Amend their Complaint (the "Motion"). (Mot., ECF No. 35.) Defendants City of Lambertville, Lambertville Planning Board, and David DelVecchio ("DelVecchio") (collectively, "Defendants") opposed, (Defs.' Opp'n, ECF No. 36), and Plaintiffs did not reply. The Court has carefully considered the parties' arguments and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure[1] 78 and Local Civil Rule 78.1. For the reasons set forth herein, Plaintiffs' Motion is granted in part and denied in part.[2]

---

[1] All references to Rules hereinafter refer to the Federal Rules of Civil Procedure, unless otherwise identified.

[2] On a motion to amend, the Court analyzes the futility of a proposed amendment in the same manner as it would a Rule 12(b)(6) motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In ruling on a motion to dismiss, the Court accepts as true all well-pled factual allegations in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

I.  **BACKGROUND**

A.  **Factual Background**

Academy Hill owns a tract of real property located within the City of Lambertville, New Jersey, constituting discrete parcels of land, one of which is the largest undeveloped tract of real property remaining within the City of Lambertville's limits. (Proposed Am. Compl. ("PAC") ¶¶ 10-12, ECF No. 35-3.) Academy Hill acquired the property intending to develop it into residential housing. (*Id.* ¶ 13.) At the time of acquisition, the land was zoned as "R-3 Planned Residential Development," which permitted "usages including higher density housing." (*Id.* ¶ 14.) In 1998, Academy Hill sought approval from the City of Lambertville to develop sixty-six housing units. (*Id.* ¶ 15.) After its submission, and prior to its approval, the City of Lambertville adopted Lambertville Zoning Ordinance No. 98-18, "which eliminated the R-3 Planned Residential District, and significantly decreased the housing density permitted within [the property]." (*Id.* ¶ 17.)

On December 3, 1998, Academy Hill filed a Complaint in Lieu of Prerogative Writ in the Superior Court of New Jersey, Law Division, Hunterdon County, against DelVecchio, the City of Lambertville Planning Board, and the City Council of Lambertville. (*Id.* ¶ 18.) A separate suit was filed by "similarly situated and aggrieved parties" in a federal action the same year. (*Id.* ¶ 19.) During the 1998 state litigation, the Court ordered that Lambertville Zoning Ordinance No. 98-18 be struck down as void and invalid. (*Id.* ¶ 20.) In 2001, a settlement was reached between Academy Hill, the City of Lambertville Planning Board, and the City of Lambertville, which was memorialized in a Settlement Agreement. (*Id.* ¶ 21.) "The Settlement Agreement established a new zoning district, Residential Option 2 Overlay District, consisting of the Subject Tract exclusively, which included a minimum tract size of twenty (20) acres, . . . and . . . allowed for forty-six housing

units." (PAC ¶ 22.) "The terms . . . also provided that passage of the Ordinance establishing the Residential Option 2 Overlay District would provide [] Academy Hill with 'a reasonable development opportunity for [Academy Hill's] properties, so as to amicably resolve the zoning dispute between the parties[.]'" (*Id.* ¶ 24.)

Plaintiffs now state that "Academy Hill has encountered actions from the Defendants, individually and collectively, which have been undertaken in bad faith, with ulterior motives and personal animosity, and have unreasonably impaired and precluded development by Plaintiff Academy Hill, Inc. of the [property]." (*Id.* ¶ 26.) Wilson claims that DelVecchio has verbally threatened "that he would do everything he could to see that Plaintiff Academy Hill, Inc. would never develop [the property]." (*Id.* ¶ 27.) Plaintiffs made numerous efforts to obtain approval to develop the property, which were rejected. (*Id.* ¶¶ 28-32.) Academy Hill then resolved to sell the property, and entered into a contingent sales contract with a third-party developer. (*Id.* ¶¶ 32-33.) The agreement hinged upon Academy Hill obtaining subdivision approval and the construction of side improvements. (*Id.* ¶ 33.) Academy Hill submitted another subdivision application for approval, but met with further retaliation and rejection. (*Id.* ¶¶ 34-48.) Indeed, Wilson was invited to speak on behalf of Academy Hill's application at a special subcommittee meeting, but at the meeting Wilson was not permitted to discuss Academy Hill's application, and the meeting, instead, centered around the City potentially taking Academy's Hill's property through eminent domain. (*Id.* ¶¶ 48-52.) Plaintiffs assert that there is no tract of land within the City of Lambertville zoned in the same manner, and that "Residential Option 2 Overlay was passed solely to accommodate Plaintiff Academy Hill, Inc.'s development of [the property]." (*Id.* ¶¶ 59-60.) Plaintiffs state that this agreement expired, and Academy Hill was prevented from actualizing its sale, because of the

prohibitive efforts of DelVecchio and the various arms of the City of Lambertville's municipal government. (*Id.* ¶¶ 79-82.)

In 2015, DelVecchio, through the City of Lambertville Planning Board and Council, caused Academy Hill's property to be removed from the Sewer Service Area, despite leaving all other adjoining property within the Sewer Service Area. (*Id.* ¶ 61.) Academy Hill contested the removal which caused significant delay and cost substantial resources. (*Id.* ¶ 72.) The property was ultimately returned to the Sewer Service Area. (*Id.* ¶ 73.) In 2017, Academy Hill acquired an additional parcel of land, and another in 2018, that subsequently have been included in Lambertville's "Redevelopment District" and are now subject to condemnation. (*Id.* ¶¶ 74-75.) Plaintiffs also claim that DelVecchio has been compensated by Joseph Jingoli & Sons, a business entity operating in the same field as Academy Hill, and that "DelVecchio has and continues to financially benefit personally and professionally from this employment." (*Id.* ¶¶ 94-95.)

Plaintiffs further assert that the City of Lambertville's passing of Resolution Number 100-2018, which designated Academy Hill's property an area in need of redevelopment with the power of condemnation, constituted a taking without just compensation. (*Id.* ¶¶ 89-90, 1:2-3[3].) Plaintiffs allege that "the designation of Plaintiffs' property as in need of rehabilitation is pretextual by design and in reality is intended to prevent Plaintiffs from developing their property." (*Id.* ¶¶ 2:2-3.) Plaintiffs claim that "[t]he City of Lambertville, under the guise of achieving settlement of its Mount Laurel Housing obligation represented to the Superior Court of New Jersey that it would take all necessary steps to effectuate the acquisition of the Plaintiffs['] site," and that this settlement constitutes a taking of Plaintiffs' property without just compensation. (*Id.* ¶¶ 3:2-3.)

---

[3] Because the PAC's individual Counts begin numbering at one, the paragraph numbers outside of the factual allegations will be distinguished by Count first.

4

Finally, Plaintiffs state that the City of Lambertville's settlement "is pretextual by design and in reality is intended to prevent Plaintiffs from developing their property." (*Id.* ¶ 4:2.)

**B.     Procedural History**

Plaintiffs filed their Complaint in this Court on January 11, 2019. (Compl., ECF No. 1.) On December 20, 2019, this action was consolidated with Civil Action No. 19-16037, a pending action by Plaintiffs Wilson and Academy Hill against Defendant City of Lambertville. (Order, ECF No. 18.) At the time of consolidation, there was a pending motion to amend the complaint in Civil Action No. 19-16037, which the undersigned directed during a telephone status conference must be renewed in the consolidated action. (*See* Letter, ECF No. 21.) On February 2, 2020, Plaintiffs filed their initial Motion to Amend, (Mot. to Am., ECF No. 23), which Defendants opposed (ECF No. 29), and to which Plaintiffs replied (ECF No. 34), but the Court detected that factual allegations within the Consolidated Complaint were not present in the initial Motion's PAC, (*compare* Consolidated Compl. ¶¶ 5-101 *with* initial Prop. Am. Compl., ECF No. 23-3), and Plaintiffs subsequently refiled the instant Amended Motion to Amend to include the omitted factual allegations (ECF No. 35).

There is an additional wrinkle to this matter in the form of prior litigation. Defendants highlight that Plaintiffs brought a similar action in this Court in 2013, *Academy Hill v. City of Lambertville*, No. 13-5182 (D.N.J. filed Aug. 28, 2013) ("Academy Hill 2013"), in which Plaintiffs Academy Hill and Wilson brought a similar (though not identical) action against Defendants David DelVecchio and the City of Lambertville, as well as nonparties the City Council of the City of Lambertville, the Planning Board of the City of Lambertville, and Kenneth Rogers. (*See generally* Compl., *Academy Hill*, No. 13-5182, ECF No. 1.) On November 3, 2015, the Academy Hill 2013 action was administratively terminated pending settlement discussions between the parties, with

an eye toward potentially reopening the litigation in February 2016. (Order, *Academy Hill*, No. 13-5182, ECF No. 43.) In the Order, the Court stated that the parties were able to "reopen this case at any time if settlement discussions fail." (*Id.*) The parties never sought to reopen the case.

Additionally, there is a pending appeal before the New Jersey Superior Court, Appellate Division, in another case brought by Academy Hill, Inc., and Wilson against the City of Lambertville, the City Counsel of the City of Lambertville, the Planning Board of the City of Lambertville, and David DelVecchio. (*See* Cruz Decl. Ex. D, ECF No. 36-1.)

### C. Plaintiffs' Proposed Amendments

In its PAC, Plaintiffs seek to add four substantive claims, an additional plaintiff, and three additional defendants. (*See generally* PAC, ECF No. 35-3.) Plaintiffs seek to add River Valley Heights Corporation as a plaintiff, and Joseph Jingoli & Sons, a business entity; Joseph Jingoli, Jr.; and Michael Jingoli as defendants. (*Id.* ¶¶ 5:2-5.) Plaintiffs also seek to add the following claims: contribution for violations of the New Jersey Spill Compensation and Control Act (the "Spill Act"), (*id.* ¶¶ 5:8-14); common law strict liability for Lambertville's creation of abnormally dangerous conditions, (*id.* ¶¶ 6:2-4); unlawful spot zoning, (*id.* ¶¶ 7:2-5); and common law conspiracy, (*id.* ¶¶ 8:2-14).

## II. PARTIES ARGUMENTS

### A. Plaintiffs' Argument

Plaintiffs argue that they should be permitted to amend because "there is clear support for the conclusion that solid waste was deposited on Plaintiff[s'] property during its prior ownership by the City of Lambertville." (Pls.' Moving Br. 1, ECF No. 35-1.) Plaintiffs also argue that "there is no dispute that the City has adopted Redevelopment Plans with vastly different criteria for adjacent, but similarly situated properties." (*Id.*)

### B. Defendants' Opposition

Defendants respond that Plaintiffs' proposed amendments "contravene[] New Jersey's entire controversy doctrine, and are also time-barred." (Defs.' Opp'n Br. 2, ECF No. 36.) Defendants state that Plaintiffs are unable to recover costs under the Spill Act because "the Spill Act does not permit imposing liability in a private contribution action against state actors for activities that occurred prior to the original effective date of the Act in 1977." (*Id.*) Defendants argue that the unlawful spot zoning claim should be denied because "challenges to local land use decisions [] are properly brought in state court as an action in lieu of prerogative writ and, further, must be commenced within 45 days of accrual of the right to challenge." (*Id.* at 3.) Defendants argue that Plaintiffs' conspiracy claim should not be permitted as contrary to New Jersey's entire controversy doctrine because Plaintiffs asserted this same claim in the Academy Hill 2013 action, which was later administratively terminated. (*Id.*)[4]

## III. LEGAL STANDARD

Rule 15(a)(2) authorizes a party to amend its pleadings "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further instructs that "[t]he court should freely give leave when justice so requires." Though within the discretion of the Court,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

---

[4] Defendants also contend that Counts One through Four of Plaintiffs' PAC should not proceed for various legal reasons. (Defs.' Opp'n Br. 15-19.) The Court does not reach the merit of these arguments. On December 20, 2019, this Court consolidated this action with Civil Action No. 19-16037, and ordered the Plaintiffs to file a Consolidated Complaint combining their claims in each action. (Order, ECF No. 18.) Because Counts One through Four of Plaintiffs' PAC derive from the Consolidated Complaint (ECF No. 28), which finds its basis in the original Complaint in Civil Action No. 19-16037 (*see* Compl., *Academy Hill*, No. 19-16037, ECF No. 1), these arguments are more appropriately addressed on a motion to dismiss.

7

> allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. "[T]he futility of amendment may only serve as a basis for denial of leave to amend where 'the proposed amendment is frivolous or advances a claim that is legally insufficient on its face.'" *Miller v. Beneficial Mgmt. Corp.*, 844 F. Supp. 990, 1001 (D.N.J. 1993) (quoting *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). "The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Harrison Beverage Co.*, 133 F.R.D. at 468.

## IV. DISCUSSION

### A. The Addition of Parties, the Entire Controversy Doctrine, and *Res Judicata*

In analyzing whether a party may amend to add new parties, the Court must ascertain whether the additions will be futile or result in prejudice to other parties. Additionally, "because Plaintiff's motion seeks to add . . . a new defendant in this matter, the motion implicates [Rule 21]." *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592, 2014 WL 988829, at *1 (D.N.J. Feb. 27, 2014) (collecting cases). Rule 21 states that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. "In evaluating the propriety of an amended pleading pursuant to [Rule 21], the Court applies the same liberal standard

applicable to motions arising under [Rule 15(a)]." *Id.* (collecting cases) (internal quotation marks omitted).

Defendants do not oppose the addition of the proposed plaintiff. Defendants oppose the addition of the proposed defendants, arguing that the civil conspiracy claim against them is futile because it is barred by the entire controversy doctrine. (Defs.' Opp'n Br. 10-11.) "However, current parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants." *Custom Pak Brokerage, LLC*, 2014 WL 988829, at *2; *see also Chesler v. Jersey City*, No. 15-1825, 2019 WL 6318301, at *3 (D.N.J. Nov. 26, 2019) ("[C]urrent parties only possess standing to challenge an amended pleading directed to proposed new parties on the basis of 'undue delay and/or prejudice.'"). Defendants may not oppose the addition of the new parties on the proposed parties' behalf on the basis of futility, because Defendants lack standing to do so. Defendants, however, are able to oppose claims asserted against them. If they are able to successfully prevent Plaintiffs from amending to add the claim against them on futility grounds, Defendants may be able to effectively prevent the addition of new parties. Stated differently, if Defendants can prevent addition of the claim asserted against both Defendants and the proposed defendants, Plaintiffs will be unable to state a claim against the proposed defendants, and Plaintiffs will not be able to add them as parties.

The entire controversy doctrine, an idiosyncrasy of New Jersey law, "embodies the principle that the adjudication of a legal controversy should occur in one litigation and in only one court; accordingly, all parties involved in a litigation should at the very least present at that proceeding all of their claims and defenses that are related to the underlying controversy." *Cogdell by Cogdell v. Hosp. Ctr. at Orange*, 560 A.2d 1169, 1172 (3d Cir. 1989) (citation omitted). "Since its constitutional codification, the doctrine has continually evolved through the common law so

9

that it currently encompasses a mandatory rule for the joinder of virtually all causes, claims, and defenses relating to a controversy between the parties engaged in a litigation." *Id.* at 1173.

The Third Circuit further instructs that "when the prior decision is a federal decision . . . it is important to look to *Erie* principles[5] to decide which sovereign's law to apply." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 143 (3d Cir. 1999). The New Jersey Supreme Court has recognized that "federal courts are considered those of another sovereign," *Mortgagelinq Corp. v. Commonwealth Land Title Ins. Co.*, 662, A.2d 536, 541 (N.J. 1995), and considers the entire controversy doctrine as procedural, *see Oliver v. Ambrose*, 705 A.2d 742, 746 (N.J. 1998); *Harley Davidson Motor Co. v. Advance Die Casting, Inc.*, 696 A.2d 666, 668 (N.J. 1997); *Woodward-Clyde Consultants v. Chem. & Pollution Scis., Inc.*, 523 A.2d 131, 135 (N.J. 1987). "Maintaining a cohesive federal system . . . does not require that the other parts of the federal system honor our entire controversy doctrine." *Mortgagelinq*, 662 A.2d at 532. In a case examining the preclusive effects of the entire controversy doctrine to two cases brought in federal court, the Third Circuit has explained:

> We conclude that respecting courts' power to determine the preclusive effects of their own rulings is a significant federal interest. In particular, the claim joinder provisions of the Federal Rules of Civil Procedure express a federal policy about what claims must be joined to avoid later preclusion. Applying New Jersey preclusion law to determine the preclusive effects of federal cases would frustrate the policy embodied in the Rules, and we decline to do so. Instead we will follow the federal rule that the law of the issuing court—here, federal law—determines the preclusive effects of a prior judgment.

---

[5] Though the Court's jurisdiction arises from federal questions, the Court's exercise of supplemental jurisdiction over Plaintiffs' state claims requires an *Erie* analysis. *See Chin v. Chrysler, LLC*, 538 F.3d 272, 278 (3d Cir. 2008).

*Paramount Aviation Corp.*, 178 F.3d at 145; *see also In re Kaplan*, 143 F.3d 807, 814-15 (3d Cir. 1998) ("[F]ederal courts will apply their own rule of res judicata.").

Even if the Court were to apply New Jersey's entire controversy doctrine, "[a] dismissal without prejudice is not an adjudication on the merits and does not bar reinstitution of the same claim in a later action." *Woodward-Clyde Consultants*, 523 A.2d at 135 (citing *Malhame v. Borough of Demarest*, 415 A.2d 358, (N.J. Super. Ct. App. Div. 1980) (further quotations and citations omitted) (holding that the institution of the same subsequent action to a counterclaim dismissed without prejudice did not violate the entire controversy doctrine). Because the current action was initiated in federal district court, rather than New Jersey state court, the traditional principles of *res judicata* apply.

"A party seeking to invoke res judicata must establish three elements: '(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Duhaney v. Att'y Gen. of U.S.*, 621 F.3d 340, 347 (3d Cir. 2010). Rule 41 provides that certain voluntary dismissals, and dismissals without prejudice, as was entered in the Academy Hill 2013 action, are not considered final determinations on the merits. Fed. R. Civ. P. 41(a)(1)(A)(ii), (a)(1)(B), (b). The Court's Order in the Academy Hill 2013 action explicitly stated that the matter was administratively terminated without prejudice. (Order, *Academy Hill*, No. 13-5182.)

Defendants argument that that Local Civil Rule 41.1(b) renders the Academy Hill 2013 action a final determination on the merits is unpersuasive. (Defs.' Moving Br. 10-11.) The text of Rule 41(b) itself contemplates actual settlement between the parties, and requires a formal stipulation of dismissal, and the entry of a sixty (60) day order, none of which occurred in Academy Hill 2013. Here, the case was administratively terminated "pending the parties' settlement

11

discussions," with explicit permission that the "parties may request to reopen the case at any time if settlement discussions fail." (Order, *Academy Hill*, No. 13-5182, ECF No. 43.)

*K.S. v. Hackensack Board of Education*, cited by Defendants, is distinguishable because the Court "dismissed the earlier case without prejudice to the right of either party to reopen the action within sixty (60) days upon a showing of good cause," and the plaintiff did not seek to reopen her case within the sixty days in compliance with the Court's Order. No. 16-2155, 2017 WL 788207, at *7 (D.N.J. Mar. 1, 2017) (citation omitted). Defendants' other authority, *Bernard Haldane Association, Inc. v. Harvard Professional Group*, is similarly distinguishable in that "[t]he Order provided the action was 'dismissed without costs and without prejudice to the right, upon good cause shown within 60 days, to reopen the action if the settlement is not consummated,'" which was not pursued by the plaintiff. 185 F.R.D. 180, 181 (D.N.J. 1999). Here, unlike in the cases cited by Defendants, the Court's Order in the prior action did not inform Plaintiffs that they were confined by a sixty-day window, but instead permitted them to reopen the case at any time if the parties were unable to reach a settlement. While it is unlikely this Court intended to permit the parties the ability to reopen the case in perpetuity, the Court declines to interpret past the written text of the Order to determine its limitations.

In sum, the Court will not apply the entire controversy doctrine to bar Plaintiffs' claims, but will instead apply federal principles of *res judicata*. The Court's Order in the Academy Hill 2013 action does not constitute a final judgment on the merits sufficient to preclude Plaintiffs' claims. Because Defendants' separate challenge to Plaintiffs claim, asserting its own interest, fails, Defendants are unable to challenge the addition of the proposed new parties on their behalf. Plaintiffs will be permitted to add the proposed new parties and to include their claim of civil conspiracy.

B.   **NJ Spill Act & Abnormally Hazardous Activity Claim**

Next, Plaintiffs seek to add a claim against the City of Lambertville for violations of the Spill Act, N.J. Stat. Ann. § 58:10-23.11, *et seq.* (PAC ¶¶ 5:7-14.) Defendants counter that "[t]he New Jersey Supreme Court has held that there is no legislatively created liability for Spill Act claims against state entities for alleged contribution causes of action occurring prior to 1977." (Defs.' Opp'n Br. 7.) The Court agrees with Defendants that Plaintiffs' proposed claim under the Spill Act is futile.

The New Jersey Supreme Court has held that "the Spill Act contains no clear expression of a legislative intent to waive the State's sovereign immunity retroactively to cover periods of State activity prior to the Spill Act's enactment." *NL Indus., Inc. v. New Jersey*, 156 A.3d 1043, 1045 (N.J. 2017). While the Court contemplates that the State is culpable for its contamination of land with hazardous waste since the enactment of the Spill Act, "[a]bsent a clear and specific indication that the Legislature intended to impose a retroactive liability . . . , retroactive waiver of the State's sovereign immunity for Spill Act contribution claims concerning pre-Act activities will not be inferred." *Id.* The New Jersey Supreme Court's clear direction that the State has not waived sovereign immunity for actions that occurred prior to 1977, and Plaintiffs' affirmation that the City of Lambertville sold the land to Academy Hill's predecessor-in-interest[6] in 1967 (PAC ¶ 47), demonstrates that Plaintiffs' claim fails as a matter of law.

---

[6] The Court notes that the City of Lambertville, as a municipality, is not a sovereign entitled to sovereign immunity, as was the case in *NL Industries, Inc.*, 156 A.3d at 304. The New Jersey legislature, however, enacted the New Jersey Tort Claims Act "to establish immunity for government action as the rule and liability as the exception." *Lee v. Brown*, 178 A.3d 701, 709 (N.J. 2018) (citing N.J. Stat. Ann. § 59:1-2). It is unlikely that the New Jersey Supreme Court

Plaintiffs also seek to add a common law tort claim against the City of Lambertville for its engagement in abnormally hazardous activities through its contamination and pollution of Academy Hill's property (PAC ¶¶ 6:1-4). Because the City of Lambertville is a municipality, it is not entitled to sovereign immunity; instead, a New Jersey municipality's governmental immunity derives from the New Jersey Tort Claims Act ("NJTCA"), which states: "Except as otherwise provided in this act, a public entity[7] is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." N.J. Stat. Ann. § 59:2-1(a). Under the NJTCA, "[a] public entity is liable for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances." *Id.* § 59:2-2.

A plaintiff may not pursue a tort in strict liability against New Jersey state actors under the NJTCA. *Id.* § 59:9-2(b) ("No judgment shall be granted against a public entity or public employee on the basis of strict liability . . . ."); *see Ayers v. Jackson Twp.*, 525 A.2d 287, 296 (N.J. 1987) (the NJTCA "precludes recovery against governmental entities for . . . strict liability claims"); *see also Dalehite v. United States*, 346 U.S. 15, 44-45 (1953) (holding that the government cannot be held strictly liable in tort under the federal Tort Claims Act). The NJTCA is clear that Plaintiffs are prohibited from pursuing a claim against the City of Lambertville, a public entity, under a theory of strict liability. For these reasons, Plaintiffs may not amend the Consolidated Complaint to include either the claim under the Spill Act or the common law claim for abnormally hazardous conduct against the City of Lambertville.

---

intended to shield the State of New Jersey from retroactive liability based on unclear legislative intent, but not New Jersey's local governments.

[7] "'Public entity' includes the State, and any county, municipality, district, public authority, public agency, and any other political subdivision or public body in the State." N.J. Stat. Ann. § 59:1-3.

### C. Inverse Spot-Zoning Claim

Finally, Plaintiffs seek to add a claim that the City of Lambertville, in adopting the 2018 redevelopment plan "that provides for a substantially lesser density per acre [] arbitrarily, capriciously and unreasonably creat[ed] a distinction whereby Plaintiffs' property would receive less favorable treatment [than other similarly situated property]." (PAC ¶¶ 7:2-5.) Plaintiffs seek the "[r]evision of the terms and conditions of the 2018 plan to match those of [the] 2001 redevelopment plan," as they allege that the 2018 redevelopment plan is an "arbitrary, capricious, and unreasonable action by Lambertville [which] constitutes unlawful spot zoning." (*Id.* ¶ 5.) Defendants respond that "Plaintiffs proposed amendment challenging the City's adoption of the redevelopment plan as unlawful spot zoning should be denied as futile because it plainly constitutes a challenge to a local land use decision, which New Jersey Court Rules make clear must be brought in state court." (Defs.' Opp'n Br. 14.) Alternatively, Defendants argue that even if Plaintiffs could amend to add this claim, that Plaintiffs Motion to Amend falls outside of the forty-five (45) day window set out by the New Jersey Court Rules. (*Id.* (citing N.J. Ct. R. 4:69-6).)

Strictly speaking, Plaintiffs seek to assert a claim of inverse spot zoning, which differs from spot zoning in an important respect. "Spot zoning is an epithet used by the Courts to describe a zoning ordinance that is adopted to favor a property owner and in contravention of the 'comprehensive plan.'" 36 David J. Frizell & Ronald D. Cucchiaro, N.J. Prac., Land Use Law § 3.11.1 (3d ed., Oct. 2019 Update). Inverse spot zoning "refers to a zoning ordinance directed to disfavor a particular owner or developer, in a discriminatory way." *Id.* Here, Plaintiffs claim that the City of Lambertville passed an ordinance causing Academy Hill's property to be treated differently to the detriment of Academy Hill would constitute inverse spot zoning.

Defendants' argument that Plaintiffs are required to assert this claim in state court is unavailing. This Court has previously exerted supplemental jurisdiction over state claims alleging that an ordinance is arbitrary, capricious, and unreasonable under the Municipal Land Use Law, N.J. Stat. Ann. § 40:55D-62(a). *See Al Falah Ctr. v. Twp. of Bridgewater*, No. 11-2397, 2013 WL 12322637, at *16-17 (D.N.J. Sept. 30, 2013) (denying summary judgment to the defendant on inverse spot-zoning claims). 28 U.S.C. section 1367 instructs, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." That Plaintiffs would have regularly brought this claim in state court does not render this federal forum inappropriate.

Defendants' contention that Plaintiffs claim is time-barred is, on its face, more meritorious. The New Jersey Court Rules provide that:

> No action in lieu of prerogative writs shall be commenced to review a determination of a planning board or board of adjustment . . . after 45 days from the publication of a notice once in the initial newspaper of the municipality or a newspaper of general circulation in the municipality, provided, that if the determination or resolution results in a denial or modification of an application, after 45 days from the publication of the notice or the mailing of the notice to the applicant, whichever is later.

N.J. Ct. R. 4:69-6(b)(3). Though the City of Lambertville adopted a revised plan on November 26, 2018, it appears that the trigger for the accrual of Plaintiffs' claim is the date of publication or mailing of the notice, not the date of adoption. *Id.* Assuming *arguendo*, however, that this date and an additional forty-five days passed within the thirteen months between the adoption of the resolution and the filing of Plaintiffs' Motion, Plaintiffs are still able to amend to add this claim under the Federal Rules of Civil Procedure.

Rule 15 states "An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) (citations omitted). "In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). "Though not expressly stated, it is well-established that the touchstone for relation back is fair notice, because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statues of limitations were intended to provide.'" *Glover v. F.D.I.C.*, 698 F.3d 139, 145-46 (3d Cir. 2012) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)).

Here, Plaintiffs claim for inverse spot zoning arises out of the same core of operative facts as Plaintiffs' original claims, which were filed sixteen (16) days after the City of Lambertville passed the ordinance, well-within the forty-five (45) day limitation within New Jersey Court Rule 4:69-6(b)(3). Indeed, in Plaintiffs' initial Complaint, filed on January 11, 2019, Plaintiffs explicitly noted the City of Lambertville's 2018 ordinance adopted on November [29], 2018, (Compl. ¶ 94, ECF No. 1), and further stated that "[i]n accordance with R.49-1 et seq. of the New Jersey Rules of Court this action is brought within forty-five (45) days of November [29], 2018," (*id.* ¶ 95). The Court finds that this sufficiently notified Defendants, and that this claim arises out of the same

conduct, transaction, or occurrence as Plaintiffs' original claims. Plaintiffs will be permitted to amend the Consolidated Complaint to add the claim of inverse spot zoning.

## V. CONCLUSION

For the reasons set forth above, and other good cause shown, Plaintiffs' Motion is granted in part and denied in part. Plaintiffs Motion is granted in that they will be permitted to amend to add a new plaintiff, three new defendants, and their proposed claims of inverse spot zoning and civil conspiracy. Plaintiffs' Motion is denied in that they will not be permitted to add their claims under the Spill Act and in common law tort to recover for the City of Lambertville's alleged discharge of hazardous waste on Academy Hill's property. An Order consistent with this Memorandum Opinion will be entered.

**Dated**: July 6, 2020

ZAHID N. QURAISHI
United States Magistrate Judge