<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

ACADEMY HILL, INC., MERRICK WILSON and RIVER VALLEY HEIGHTS CORPORATION.,

               Plaintiffs,

v.

CITY OF LAMBERTVILLE, DAVID DELVECHHIO, JOSEPH JINGOLI & SONS, INC., JOSEPH JINGOLI, JR., and MICHAEL JINGOLI,

               Defendants.

---

Case No. 3:19-cv-00426 (BRM) (ZNQ)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court is (1) Plaintiffs Academy Hill, Inc. ("Academy Hill"), Merrick Wilson ("Wilson"), and River Valley Heights Corporation's ("River Valley Heights") (collectively, "Plaintiffs") Motion for Partial Summary Judgment (ECF No. 39); (2) Defendants Joseph Jingoli & Sons, Inc., Joseph Jingoli, Jr., and Michael Jingoli's (collectively, "Jingoli Defendants") Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 45); (3) Defendants City of Lambertville, David DelVecchio, and Planning Board of Lambertville's (collectively, "Lambertville Defendants") Cross-Motion to Dismiss Plaintiffs' Amended Complaint;[1] (ECF No. 47); and (4) Lambertville Defendants' Cross-Motion to Dismiss Count VIII of the Amended Complaint with

---

[1] The Court understands Lambertville Defendants' "Cross-Motion to Dismiss" Plaintiffs' Amended Complaint to simply mean Lambertville Defendants are moving to dismiss Plaintiffs' Amended Complaint. (*See* ECF No. 47 at 1–2.)

prejudice and to dismiss all tort claims with prejudice, which Plaintiffs did not oppose.[2] (ECF No. 52.) Lambertville Defendants opposed Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 47.) Plaintiffs opposed Jingoli Defendants' Motion to Dismiss (ECF No. 45) and Lambertville Defendants' Motion to Dismiss (ECF No. 47).[3] (ECF No. 51.) Jingoli Defendants filed a reply in further support of their Motion to Dismiss. (ECF No. 53.) Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Motions to Dismiss (ECF Nos. 45, 47) are **GRANTED**, Plaintiffs' Motion for Summary Judgment is **DENIED as MOOT**, and Lambertville Defendants' Motion to Dismiss Count VIII of the Amended Complaint, as well as the tort claims with prejudice is **DENIED as MOOT**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A.    Facts relating to the Motion to Dismiss

For the purposes of the Motions to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*

---

[2] The Court understands Lambertville Defendants' "Cross-Motion to Dismiss" Count VIII with prejudice and to dismiss Plaintiffs' tort claims with prejudice to simply mean Lambertville Defendants are seeking to dismiss Count VIII and the tort claims with prejudice. Still, it is not apparent to the Court why Lambertville Defendants filed a separate motion to dismiss Count VIII and the tort claims when Lambertville Defendants' Motion to Dismiss (*see* ECF No. 47) seeks to dismiss Plaintiffs' Amended Complaint with prejudice in its entirety.

[3] While Plaintiffs title their brief as a "Reply," the Court construes this brief to be an opposition to Jingoli Defendants' and Lambertville Defendants' Motions to Dismiss as entered on the docket. (*See* ECF No. 51.)

*Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This matter arises from "Defendants' multiple violations of Plaintiffs' constitutional rights and other unlawful acts and/or omissions pertaining to parcels of real property owned by the Plaintiffs" situated within the boundaries of the City of Lambertville, County of Hunterdon, New Jersey. (ECF No. 41 at 1–2.) Plaintiffs allege, what the Court interprets to be, a violation of the Takings Clause under the Fifth Amendment, unlawful spot zoning, and civil conspiracy to deprive Plaintiffs of their right to develop property.

### B. Procedural History

The Court assumes the parties' familiarity with the procedural history of this case, which Judge Quraishi detailed in his Opinion granting in part Plaintiffs' motion to amend. (*See* ECF No. 37.) Therefore, the Court will discuss only the relevant procedural history below.

On January 11, 2019, Plaintiffs Academy Hill and Wilson filed their Complaint against Lambertville Defendants in this Court. (ECF No. 1.) On December 20, 2019, this action was consolidated with Civil Action No. 19-16037, a pending action by Plaintiffs Academy Hill and Wilson against Defendant City of Lambertville. (*See* ECF No. 18.) At the time of consolidation, there was a pending motion to amend the complaint in Civil Action No. 19-16037, which Judge Quraishi directed during a telephone status conference must be renewed in the consolidated action. (*See* ECF No. 21.) On February 3, 2020, Plaintiffs Academy Hill and Wilson filed their initial motion to amend (ECF No. 23), which Lambertville Defendants opposed (ECF No. 29), and to which Plaintiffs Academy Hill and Wilson replied (ECF No. 34). On May 8, 2020, Plaintiffs Academy Hill and Wilson subsequently refiled an Amended Motion to Amend/Correct their Complaint to include certain omitted factual allegations, add River Valley Heights as a plaintiff, add Joseph Jingoli & Sons, Inc., Joseph Jingoli, Jr., and Michael Jingoli as defendants, and add

certain state law and common law claims. (ECF No. 35.) Lambertville Defendants filed an opposition. (ECF No. 36.) On July 6, 2020, Judge Quraishi permitted Plaintiffs Academy Hill and Wilson to file an Amended Motion to add River Valley Heights as a plaintiff, add Joseph Jingoli & Sons, Inc., Joseph Jingoli, Jr., and Michael Jingoli as defendants, and add claims of civil conspiracy and unlawful inverse spot zoning. (*See* ECF Nos. 37–38.) Judge Quraishi did not permit Plaintiffs to add claims under the New Jersey Spill Act or to recover for the City of Lambertville's alleged discharge of hazardous waste on Academy Hill's property. (*See id.*) The next day, on July 7, 2020, Plaintiffs filed a Motion for Partial Summary Judgment. (ECF No. 39.) Shortly thereafter, on July 16, 2020, Plaintiffs filed an eight-count Amended Complaint pursuant to 42 U.S.C. §§ 1983, 1988, alleging, what the Court perceives to be, a violation of the Takings Clause under the Fifth Amendment, inverse spot zoning, and civil conspiracy. (ECF No. 41.)[4] On August 13, 2020, Jingoli Defendants filed a Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 45.) On August 17, 2020, Lambertville Defendants filed an opposition to Plaintiffs' Motion for Partial Summary Judgment and a Motion to Dismiss Plaintiffs' Amended Complaint. (ECF No. 47.) On September 8, 2020, Lambertville Defendants filed a separate Motion to Dismiss Count VIII of the Amended Complaint with prejudice and to dismiss all tort claims with prejudice. (ECF No. 52.) Plaintiffs opposed Jingoli Defendants' Motion to Dismiss (ECF No. 45) and Lambertville Defendants' Motion to Dismiss (ECF No. 47). (ECF No. 51.) Jingoli Defendants

---

[4] The Court agrees, and Lambertville Defendants are correct to note, Plaintiffs' Amended Complaint is markedly different from its proposed amended complaint. (*Compare* ECF No. 35-3 *with* ECF No. 41.) It is not clear to the Court, and Plaintiffs provide no explanation, as to why Plaintiffs filed a significantly pared down version of the Amended Complaint which is only twelve pages in length (*see* ECF No. 41) compared to the proposed amended complaint which was nearly forty pages in length and contained nearly 100 counts of factual background. (*See* ECF No. 35-3.) Further, at no point do Plaintiffs, at least not expressly, attempt to incorporate their previous pleadings.

filed a reply brief in further support of their Motion to Dismiss. (ECF No. 53.) Plaintiffs did not oppose Lambertville Defendants' Motion to Dismiss Count VIII of the Amended Complaint with prejudice and to dismiss all tort claims with prejudice.

## II.    LEGAL STANDARD[5]

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

---

[5] Rule 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that a pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleading standard under Rule 8 requires "more than an unadorned, the defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Naziri v. Union Cty. Coll.*, Civ. A. No. 178768, 2018 WL 1863830, at *1 (D.N.J. Apr. 18, 2018).

U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a probability requirement." *Id.* "Detailed factual allegations" are not required, but "more than an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 679. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 665. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670; *see also Twombly*, 505 U.S. at 555, & n.3.

While, as a general rule, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a

court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

## III. DECISION

### A. Jingoli Defendants (ECF No. 45)

Jingoli Defendants allege Count Eight of the Amended Complaint,[6] which the Court construes as a claim under § 1983 for allegedly conspiring to violate Plaintiffs' substantive due process rights, should be dismissed because Plaintiffs failed to plead any facts in support of the conclusion Jingoli Defendants entered into any agreement to commit conspiracy. (ECF No. 45-1 at 5, 10.) Specifically, Jingoli Defendants allege Plaintiffs rely entirely on "bald and unsubstantiated conclusions" to support their civil conspiracy allegation. (*Id.* at 14.) Plaintiffs oppose, arguing the "conspiracy allegations against the Jingoli [D]efendants are more than sufficient at this stage of the litigation to defeat a motion to dismiss." (ECF No. 51 at 11.) Specifically, Plaintiffs contend the "inter-relationship between DelVecchio as an employee of Jingoli is sufficient to conclude that such 'plausible grounds' are likely to exist." (*Id.* at 12.) The Court does not agree.

To properly state a § 1983 conspiracy claim, a plaintiff must allege "persons acting under color of state law conspired to deprive him of a federally protected right." *Perano v. Twp. of Tilden*, Civ. A. No. 10-2393, 2011 WL 1388381, at *4 (3d Cir. Apr. 13, 2011) (citation omitted). As a

---

[6] Count Eight of the Amended Complaint is the only count expressly alleged against Jingoli Defendants.

threshold matter, however, a § 1983 conspiracy claim only arises when there has been an actual deprivation of a right. *Id.*; *see McCurdy v. Dodd*, 352 F.3d 820, 825–26 (3d Cir. 2003) (recognizing that § 1983 protects only the deprivation of an individual's constitutional rights); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that deprivation of a right was a necessary predicate to § 1983 conspiracy liability). Assuming this threshold is met, a plaintiff must prove that government employees engaged in conduct that "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998); *United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399–400 (3d Cir. 2003). This standard reflects the cornerstone of substantive due process that values "protection of the individual against arbitrary action of government." *Lewis*, 523 U.S. at 845 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974)). As a result, this conscience-shocking standard will be satisfied for "only the most egregious official conduct." *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (citations and internal quotation marks omitted); *Skiles v. City of Reading*, 449 F. App'x 153, 157 (3d Cir. 2011).

Governmental conduct that is purposefully injurious is most likely to be indicative of conduct that "shocks the conscience." *Evans v. Sec'y Pa. Dep't of Corrs.*, 645 F.3d 650, 660 (3d Cir. 2011); *see also Eichenlaub*, 385 F.3d at 286 (recognizing that allegations of corruption and self-dealing would "shock the conscience"). "The exact degree of wrongfulness necessary to reach the conscience-shocking level depends upon the circumstances of a particular case." *Miller v. City of Philadelphia*, 174 F.3d 368, 375 (3d Cir. 1999). "In the zoning and land use context, the 'shocks-the-conscience' standard is designed to avoid converting federal courts into super zoning tribunals." *Skiles*, 449 F. App'x at 157 (quoting *Eichenlaub*, 385 F.3d at 285). Here, Plaintiffs allege "[t]he designation of Plaintiffs' property as in need of rehabilitation [was] pretextual by design" and was "intended to prevent Plaintiffs from developing their property." (ECF No. 41 at

4.) Without more, this does not constitute governmental conduct that "shocks the conscience" giving rise to a substantive due process violation. *Skiles*, 449 F. App'x at 157.[7]

As the Third Circuit made clear, land-use decisions "are matters of local concern, and such disputes should not be transformed into substantive due process claims based only on allegations that government officials acted with improper motives." *Id.* at 158. "That land-use decisions are not matters for federal courts to address, absent conduct that 'shocks the conscience,' in no way alters, and certainly does not heighten, this substantive due process standard." *Id.* Indeed, "[r]egardless of whether this lawsuit bears the hallmarks of a traditional land-use dispute," the Court, taking into account all of Plaintiffs' allegations, finds Plaintiffs' substantive due process claim cannot survive a motion to dismiss. *Id.* Plaintiffs are, at best, aggrieved property owners, which is simply insufficient to sustain a substantive due process claim. *Perano v. Township of Tilden*, 423 F. App'x 234, 238 (3d Cir. 2011) (recognizing that complaints concerning "zoning requirements, inspections, and permits were 'frequent in [land use] planning disputes' and that, while adversely affected property owners can couch such complaints as abuses of legal authority, the complaints do not rise to the level of substantive due process violations") (citing *Eichenlaub*, 385 F.3d at 286).

To repeat, it is not the role of federal courts to provide a remedy for merely aggrieved landowners. *See Eichenlaub*, 385 F.3d at 285. The conscience-shocking standard demands more. Because Plaintiffs have not established a deprivation of a constitutional right, it follows *a fortiori*

---

[7] *See id.* at 158 (recognizing that a policy intended to revitalize the city's property was a "legitimate governmental interest" that belied plaintiff's claim of improper treatment).

they cannot succeed on their claim alleging Jingoli Defendants conspired to violate Plaintiffs' civil rights.[8] *See Skiles*, 449 F. App'x at 158–59.

Accordingly, Jingoli Defendants' Motion to Dismiss Plaintiffs' Amended Complaint is **GRANTED**.[9] Because not expressly plead, to the extent Plaintiffs assert any other claims against Jingoli Defendants, those claims are also dismissed.

### B.      Lambertville Defendants (ECF No. 47)

Lambertville Defendants argue Plaintiffs' Amended Complaint should be dismissed because the pleadings are "the epitome of a complaint which does nothing more than recite conclusions." (ECF No. 47-1 at 23.) Specifically, Lambertville Defendants contend "zoning and density restrictions which do not prevent any use of a property will not be a taking." (*Id.* at 39.) Plaintiffs oppose arguing the "taking allegation against Lambertville easily meets the necessary pleading requirement." (ECF No. 51 at 11.) The Court does not agree.

The Takings Clause of the Fifth Amendment is applicable to the states through the Fourteenth Amendment. *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 160 (1980); *Kelo v. City of New London, Conn.*, 545 U.S. 469, 472 (2005). The Takings Clause "is

---

[8] To properly state a § 1983 conspiracy claim, a plaintiff must allege that "persons acting under color of state law conspired to deprive him of a federally protected right." *Perano*, 423 F. App'x at 239. A plaintiff must allege conspiracy with particularity, setting forth "allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Shearin v. E.F. Hutton Grp., Inc.*, 885 F.2d 1162, 1166 (3d Cir. 1989), *abrogated on other grounds by Beck v. Prupis*, 529 U.S. 494 (2000); *Love v. S. River Police Dep't*, Civ. A. No. 11-3765, 2012 WL 3950358, at *4 (D.N.J. Sept. 10, 2012). Even if Plaintiffs could somehow establish a deprivation of a protected civil right, the Amended Complaint as alleged fails to plead civil conspiracy with any sort of particularity.

[9] Because the Court grants Jingoli Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 47), Jingoli Defendants' separate motion to dismiss Count VIII and all tort claims (ECF No. 52) is denied as moot. *Air Express Int'l v. LOG-NET, Inc.*, Civ. A. No. 121732, 2019 WL 1441195, at *3 (D.N.J. Mar. 31, 2019).

designed not to limit the governmental interference with property rights *per se*, but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking." *First English Evangelical Lutheran Church v. Cnty. of Los Angeles*, 482 U.S. 304, 315 (1987) (emphasis in original). A takings claim must be based on state action that affects a "legally cognizable property right." *Prometheus Radio Project v. FCC*, 373 F.3d 372, 428 (3d Cir. 2004) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985) and *Webb's Fabulous Pharmacies, Inc.*, 449 U.S. at 160–61).

Although "the typical taking occurs when the government acts to condemn property in the exercise of its power of eminent domain, the entire doctrine of inverse condemnation is predicated on the proposition that a taking may occur without such formal proceedings." *First English*, 482 U.S. at 316. "The term 'inverse condemnation' is essentially a short-hand description of the manner in which a landowner recovers just compensation for a taking of his property when condemnation proceedings have not been instituted." *Peduto v. City of N. Wildwood*, 878 F.2d 725, 728 n.4 (3d Cir. 1989) (quoting *United States v. Clarke*, 445 U.S. 253, 257 (1980)). The Amended Complaint does not allege condemnation proceedings have been instituted,[10] so any possible claim Plaintiffs may bring could only be an inverse condemnation claim. *See Woodbridge Ctr. Realty Partners, L.P. v. Twp. Council of the Twp. of Woodbridge*, Civ. A. No. 160386, 2016 WL 1243952, at *3 (D.N.J. Mar. 30, 2016).

The Third Circuit has stated "[t]he initial step in any taking analysis . . . is whether the challenged governmental action advances a legitimate public interest," and "[i]n this step, the governmental action is entitled to a presumption that it does advance the public interest." *Pace*

---

[10] Curiously, Plaintiffs demand Lambertville Defendants be "[t]emporarily and permanently restrain[ed]" from "taking an action to condemn the property of Plaintiffs," but at no point do Plaintiffs allege condemnation proceedings. (*See generally* ECF No. 41.)

*Res., Inc. v. Shrewsbury Twp.*, 808 F.2d 1023, 1030 (3d Cir. 1987) (citing *Penn Central Transp.*

*Co. v. New York City*, 438 U.S. 104 (1978)). Under the police power, a city, such as the City of

Lambertville, may regulate the use of property in its jurisdiction to promote the public good. *Id.*

Fifth Amendment Takings Clause claims may be based on the state's direct appropriation of

private property (a type of *per se* taking), or a regulatory taking. *Am. Exp. Travel Related Servs.,*

*Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 370–71 (3d Cir. 2012). Where a party asserts a regulatory

taking, as Plaintiffs do here, there is no set formula for analysis, and the Court must engage in a

factual inquiry to determine whether a taking has been effected. *Id.* at 370–71 (citing *New Jersey*

*v. United States*, 91 F.3d 463, 468 (3d Cir. 1996)). A *per se* or "categorical" regulatory taking

occurs when the state's land regulation denies a property owner of "all economically beneficial

or productive use of [the] land." *Lucas v. S. Carolina Coastal Council*, 505 U.S. 1003, 1015

(1992). When a property owner retains some benefit in the land after governmental regulation,

however, it may still be entitled to just compensation for a partial regulatory taking. *Palazzolo v.*

*Rhode Island*, 533 U.S. 606 (2001). To determine if a partial regulatory taking has occurred,

courts may consider several factors, including: (i) the economic impact of the regulation on the

claimant; (ii) the extent to which the regulation has interfered with distinct investment-backed

expectations; and (iii) the character of governmental action. *Penn Central*, 438 U.S. at 124. "[A]

public program adjusting the benefits and burdens of economic life to promote the common good

. . . ordinarily will not be compensable," thus, that a regulation "adversely affect[s] economic

values" is not sufficient to constitute a taking. *Hickerson v. New Jersey*, Civ. A. No. 08-1033,

2009 WL 3296529, at *7 (D.N.J. Oct. 13, 2009). "[E]ven a substantial reduction of the

attractiveness of the property to potential purchasers" generally "does not entitle the owner to

12

compensation under the Fifth Amendment." *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 15 (1984).

Plaintiffs appear to assert the City of Lambertville's adoption of Resolution Number 100-2018, which declared Plaintiffs' property in need of rehabilitation (the "Resolution"), constitutes a taking without just compensation. (ECF No. 41 at 2–3.) This Court looks to the Supreme Court's decision in *Penn Central* for guidance. 438 U.S. at 124.

The first factor the Court will consider is the economic impact of the Resolution on Plaintiffs, including whether Lambertville Defendants' actions have caused diminution of the value of Plaintiffs' property. *Id.* Plaintiffs do not contend the Resolution deprived Plaintiffs of any economic value of its property.[11] Therefore, this factor does not support the finding that a taking has occurred. *Rogin v. Bensalem Twp.*, 616 F.2d 680, 690 (3d Cir. 1980), *cert. denied*, 450 U.S. 1029 (1981) (providing that "unless application of the law destroys or severely diminishes the value of the property, the [Supreme] Court will uphold the application"); *Woodbridge Ctr. Realty Partners, L.P. v. Twp. Council of the Twp. of Woodbridge*, Civ. A. No. 160386, 2016 WL 1243952, at *4 (D.N.J. Mar. 30, 2016).

Second, the Court examines whether the Resolution interfered with distinct investment-backed expectations Plaintiffs may have had. *See Woodbridge Ctr.*, 2016 WL 1243952, at *4. The Amended Complaint makes no such allegations. At most, Plaintiffs allege they were prevented from "developing their property," and the actions of the City of Lambertville have "impose[d] damages on the Plaintiffs." (ECF No. 41 at 3, 6.) The Third Circuit has stated:

> [D]istinct, investment-based expectations are reasonable only if they take into account the power of the state to regulate in the public interest . . .[and] even where distinct, investment-based expectations

---

[11] At most, Plaintiffs simply (and conclusory) allege, "[t]he actions of the City of Lambertville have, are and will continue to impose damages on Plaintiffs." (ECF No. 41 at 3.)

13

are involved, a taking through an exercise of the police power occurs only when the regulation "has nearly the same effect as the complete destruction of [the property] rights of the owner."

*Pace Res.*, 808 F.3d at 1033 (quoting *Keystone Bituminous Coal Assn. v. Duncan*, 771 F.3d 707, 716 (3d Cir. 1985)). As noted, pursuant to the police power, the City of Lambertville "may regulate the use of property within [their] jurisdiction to promote the public good," and courts have consistently found this type of regulation may affect the expectations of affected parties without resulting in a taking. *Pace Res.*, at 1030, 1032–33 (citing *Penn Central*, 438 U.S. at 125). Furthermore, the Amended Complaint does not support a finding Plaintiffs' property interests are completely destroyed. Therefore, this factor also does not support a finding that a taking has occurred.

Finally, the Court examines the character of the government's actions. *See Woodbridge Ctr.*, 2016 WL 1243952, at *4. This inquiry requires the Court to determine whether the action at issue "is a physical invasion of land and thus more likely to constitute a taking or a 'public program adjusting the benefits and burdens of economic life to promote the common good,' which ordinarily will not be compensable." *New Jersey v. United States*, 91 F.3d at 468 (quoting *Penn Central*, 438 U.S. at 124). Plaintiffs do not allege Lambertville Defendants have invaded their property in any way. Instead, Lambertville Defendants' actions, as alleged, appear to, at most, "adjust the benefits" of Plaintiffs' property. *See Lucas*, 505 U.S. at 1015–16. Indeed, at no point do Plaintiffs allege "complete inutility" of their property, but rather allege they have been prevented from developing their property.[12] *New Horizon Inv. Corp. v. Mayor & Mun. Council of Belleville*, Civ. A. No. 04-3973, 2005 WL 2237776, at *7 (D.N.J. Sept. 14, 2005). This factor

---

[12] How, and to what extent, remains unclear. (*See* ECF No. 41.)

also militates against a finding that a taking has occurred. Based on this analysis, the Court finds Plaintiffs have failed to state a takings claim upon which relief may be granted.

Accordingly, Lambertville Defendants' Motion to Dismiss is **GRANTED.** Further, to the extent Plaintiffs assert any other claims against Lambertville Defendants, those claims are also dismissed.

### C.    State Law Claims

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted). Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284–1285 (3d Cir. 1993). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc.*, 983 F.2d at 1284 (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *Gibbs*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284–85. In this case, the Court is dismissing each of Plaintiffs' federal law claims and, therefore, to the extent that Plaintiffs' Amended Complaint can be construed as asserting claims under state law, including what the Court constrains as inverse spot zoning, the Court declines to exercise supplemental jurisdiction over

any state law claims pursuant to 28 U.S.C. § 1367(c)(3). *See First Ave. Realty, LLC v. City of Asbury Park*, Civ. A. No. 09-6321, 2013 WL 5913659, at *8 (D.N.J. Oct. 31, 2013).[13]

**D.      Summary Judgment**

In light of the dismissal of the Amended Complaint, Plaintiffs' Motion for Partial Summary Judgment is **DENIED as MOOT**. *See Tecchio v. U.S., ex rel. Meola*, Civ. A. No. 03-1529, 2004 WL 370411, at *1 (D.N.J. Jan. 9, 2004), *aff'd sub nom. Tecchio v. United States*, 153 F. App'x 841 (3d Cir. 2005).[14]

---

[13] The Court notes, and Lambertville Defendants point out, to the extent Plaintiffs appear to be raising New Jersey Spill Act & Abnormally Hazardous Activity Claims (and the Court construes Count Six of the Amended Complaint to plead as such), those claims were expressly denied in Judge Quraishi's Opinion. (*See* ECF No. 37 at 18, "Plaintiffs' Motion [to Amend] is denied in that they will not be permitted to add their claims under the Spill Act and in common law tort to recover for the City of Lambertville's alleged discharge of hazardous waste on Academy Hill's property."). Plaintiffs are reminded to heed court orders. *See Yancey v. Wal-Mart Corp.*, Civ. A. No. 15-6646, 2019 WL 2404941, at *7 (D.N.J. Apr. 9, 2019).

[14] The Court also notes Plaintiffs' Motion for Summary Judgment is moot as it relates to an older amended complaint (*see* ECF No. 28) and not the operative (and most recently filed) Amended Complaint. (ECF No. 41.)

**IV.    CONCLUSION**

For the reasons set forth above, the Motions to Dismiss (ECF Nos. 45, 47) are **GRANTED**, Plaintiffs' Motion for Summary Judgment is **DENIED as MOOT**, and Lambertville Defendants' Motion to Dismiss Count VIII of the Amended Complaint, as well as the tort claims, with prejudice is **DENIED as MOOT**. While the Court sees little prospect in Plaintiffs amending their Amended Complaint to plead facts that will state cognizable federal claims, the Court will permit Plaintiffs one last opportunity to amend its Amended Complaint.

**Date: February 26, 2021**                    */s/ Brian R. Martinotti*
                                               **HON. BRIAN R. MARTINOTTI**
                                               **UNITED STATES DISTRICT JUDGE**

17